IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-768-FL

| | |
|---|---|
| JOHN LAAKE II, a/k/a WINTER LAAKE, ) ) ) Plaintiff, ) ) v. ) ) LULU ENTERPRISES, INC., a/k/a ) LULU PRESS, INC. ) ) Defendant. ) | ORDER |

This matter is before the court on defendant's motion to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (DE 6). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, defendant's motion is granted.

## BACKGROUND

Defendant operates a website, Lulu.com, through which authors can self-publish and sell their books. Plaintiff initiated this action August 25, 2016, alleging that defendant violated Sections 5, 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45, 53(b), 57b, when defendant terminated plaintiff's account with Lulu.com. Thereafter, defendant filed the instant motion contending that plaintiff's complaint should be dismissed because no private right of action exists under the FTC Act.

## COURT'S DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." Twombly, 550 U.S. at 555 (omission in original) (internal citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

B.     Analysis

Although plaintiff alleges claims pursuant to the FTC Act, 15 U.S.C. § 45(a)(1), he fails to state a claim because the FTC Act does not create a private right of action. A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 675 (4th Cir. 1986) (quoting Holloway v. Bristol-

2

Myers Corp., 485 F.2d 986, 989 (D.C. Cir. 1973)). Thus, plaintiff's claims under the FTC Act must be dismissed for failure to state a claim.

Additionally, in his response to defendant's motion to dismiss, plaintiff characterizes his lawsuit as a "false claims action." (DE 13). In support of this characterization, plaintiff directs the court's attention to plaintiff's civil cover sheet in which plaintiff checked "False Claims Act" as a statutory basis for his lawsuit. (DE 1-4). However, the False Claims Act, 31 U.S.C. §§ 3729–3733, which addresses fraud perpetrated against the government, is wholly irrelevant to plaintiff's claims. Thus, to the extent plaintiff alleges violations of the False Claims Act, plaintiff's action must be dismissed for failure to state a claim.

Finally, in his response, plaintiff also characterizes his claim as a "tort action to address the destruction of [p]laintiff's intellectual property." (DE 13). However, neither plaintiff's complaint nor his response to defendant's motion to dismiss states a legal basis for a "tort action." That is, plaintiff's complaint refers the court to no legal authority—such as a statute or body of case law—under which the facts as plaintiff alleges them would give rise to a cause of action entitling plaintiff to a remedy. Accordingly, with regard to plaintiff's purported "tort claim," the complaint fails to give to the defendant "fair notice of what the . . . claim is and the ground upon which it rests." Twombly, 550 U.S. at 555. Consequently, to the extent plaintiff alleges a tort related to destruction of his intellectual property, plaintiff's action must be dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss. The clerk is DIRECTED to close this case.

3

SO ORDERED, this the 24th day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

4